UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 12-CV-5661 (JFB)(ARL)

TRUSTEES OF EMPIRE STATE CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-MANAGEMENT COOPERATION, PENSION AND WELFARE FUNDS,

Plaintiff,

VERSUS

THALLE/TRANSIT CONSTRUCTION JOINT VENTURE,

Defendant.

**MEMORANDUM AND ORDER**
July 15, 2014

JOSEPH F. BIANCO, District Judge:

The Trustees ("plaintiffs") of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds") commenced this action against Thalle/Transit Construction Joint Venture ("defendant" or "Thalle/Transit") to confirm and enforce an arbitration award. Before the Court is plaintiffs' motion for summary judgment. For the reasons set forth below, the Court grants the motion for summary judgment and confirms the arbitration award.

I. BACKGROUND

A. Facts

The following facts are taken from the parties' depositions, declarations, exhibits, and respective Local Rule 56.1 statements of facts. Upon consideration of a motion for summary judgment, the Court construes the facts in the light most favorable to the nonmoving party. *See, e.g.*, *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005). Unless otherwise noted, where a party's Rule 56.1 statement is cited, that fact is undisputed, or the opposing party has not pointed to any evidence in the record to contradict it.[1]

Thalle/Transit is a member of the Construction Industry Council of Westchester and Hudson Valley, Inc. (the "Trade Group"). (Pls.' 56.1 ¶ 1.) As a member of the Trade Group, Thalle/Transit was bound to a collective bargaining agreement (the "CBA") between the Trade

---

[1] Although the parties' respective Rule 56.1 statements of facts contain specific citations to the record, the Court cites to the Rule 56.1 statement instead of the underlying citation to the record.

1

Group and the Northeast Regional Council of Carpenters (the "Union"). (*Id.*) Among other provisions, the CBA required Thalle/Transit to make contributions to the Funds for every hour of work performed within the trade and geographical jurisdiction of the Union. (*Id.* ¶ 3.) The CBA also vested the Funds with the authority to audit Thalle/Transit's books and payroll records, so that the Funds could ensure Thalle/Transit's compliance with its contribution requirements. (*Id.* ¶ 4.)

Disputes over contributions were subject to arbitration pursuant to the Funds' Collection Policy, a document incorporated by reference in the CBA. (*Id.* ¶¶ 6–7.) Specifically, the Funds could demand arbitration of disputes lasting more than sixty days without resolution by sending a Notice to Arbitrate to the employer. (*Id.* ¶ 7; Craven Decl. Ex. B, Collection Policy at 2.2.) If the employer received a Notice to Arbitrate and objected to arbitration, then the Funds would instead initiate legal action in a federal court. (*Id.*) In other words, an employer had the right to opt out of arbitration. (Pls.' 56.1 ¶ 7.)

On August 16, 2011, an accountant retained by the Funds issued an "Independent Accountants' Report" concerning Thalle/Transit's contributions to the Funds for the period from January 1, 2008, through February 28, 2011 (the "Report"). (*Id.* ¶ 5; Def.'s 56.1 ¶ 5; Bakal Decl. Ex. 5, Accountants' Report.) The Report found "[a] deficiency totaling $17,790.76 including interest, penalty and audit cost." (Accountants' Report at 2.) Excluding interest, audit cost, and penalties, the fringe benefit deficiency amounted to $11,148.17. (*Id.* at 4.) The parties dispute whether the Report qualifies as an audit of defendant's books and records. (*Compare* Pls.' 56.1 ¶ 5, *with* Def.'s 56.1 ¶ 5.) On the one hand, the Report is titled an "Independent Accountants' Report," not an audit, and it contains the following paragraph:

> We were not engaged to and did not conduct an audit, the objective of which would be the expression of an opinion on whether the Employer remitted contributions to the Funds in accordance with the applicable collective bargaining agreement. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

(Accountants' Report at 2.) On the other hand, the top of page two of the Report identifies the document as a "Payroll Audit" (*see id.*), and the notes accompanying the Report are entitled "Audit Notes" (*id.* at 3).

Notwithstanding the parties' disagreement over how to classify the Report, it is uncontroverted that on June 22, 2012, the Funds demanded arbitration to determine whether Thalle/Transit owed the Funds the deficiency amount identified in the Report. (Pls.' 56.1 ¶ 9; *see* Craven Decl. Ex. C, Notice to Arbitrate.) Thalle/Transit did not respond to the notice. (Pls.' 56.1 ¶ 9.) Thereafter, a hearing was held before arbitrator J.J. Pierson, Esq., on July 31, 2012. (*Id.* ¶ 10; Craven Decl. Ex. D, Arbitration Order.) Thalle/Transit did not appear at the hearing. (Pls.' 56.1 ¶ 10.) Thalle/Transit attributes its lack of participation to a "period of transition," during which it "did not receive much information concerning the underlying claim that is at issue here." (Bakal Decl. ¶ 3.)

The arbitrator issued his award in an order dated October 5, 2012. (Pls.' 56.1 ¶ 11.) The arbitrator concluded that the Report, which he described as an audit,

2

constituted "prima facie evidence of liability" where "notice of the claim [had] been given to the Employer and the Employer [had] been given reasonable opportunity to question the findings, offer information to adjust or amend the audit results and given the final opportunity to present evidence to correct alleged errors." (Arbitration Award at 2.) Relying on the Report, which he noted had been provided to Thalle/Transit, the arbitrator concluded that Thalle/Transit had failed to contribute a total of $11,148.17 to the Funds between January 1, 2008, and February 28, 2011. (*Id.*) Accordingly, the arbitrator ordered Thalle/Transit to pay to the Funds the following amounts: $11,148.17 in principal; $1,430.46 in interest; $2,229.63 in liquidated damages; $2,982.50 in audit fees; $350.00 in attorneys' fees; and $350.00 as an arbitrator's fee. (*Id.* at 4.)

After learning of the arbitrator's award, Thalle/Transit retained an accountant to audit the identified contribution deficiencies. (Bakal Decl. ¶ 4.) The auditor determined that Thalle/Transit should not have been held liable because "everything was paid that was due." (*Id.*) Thalle/Transit claims to have received the Report supporting the arbitrator's award for the first time during the pendency of this action, on April 24, 2014 (*id.* ¶ 8), even though the arbitrator found that the Report had been provided to Thalle/Transit before arbitration (*see* Arbitration Award at 2).

B. Procedural History

Plaintiffs commenced this action on November 16, 2012. After defendant failed to respond to the complaint, the Clerk of the Court noted the default of defendant on December 26, 2012. On February 5, 2013, plaintiffs moved for a default judgment. On April 2, 2013, the Court directed defendant to respond within fourteen days as to why default judgment should not enter. Counsel for defendant entered an appearance and responded to the Court's order on April 16, 2013. The Court held a telephone conference with the parties on May 6, 2013, during which the Court denied the motion for default judgment and ordered the Clerk of the Court to vacate the entry of default.

Following discovery by the parties, plaintiffs moved for summary judgment on May 19, 2014. Defendant filed its opposition to the motion on June 16, 2014, and plaintiffs filed their reply on June 30, 2014. The Court heard oral argument on the motion on July 11, 2014. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

3

evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

III. DISCUSSION

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court.'" *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-CV-04421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millennium Constr., Inc.*, No. 03-CV-5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

The Supreme Court has recognized that the LMRA expresses a "'federal policy of settling labor disputes by arbitration,'" which "'would be undermined if courts had the final say on the merits of the awards.'" *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). Accordingly, "the courts play only a limited role when asked to review the decision of an arbitrator." *Id.*; *see, e.g.*, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338, Affiliated with the Retail, Wholesale & Dep't Store Union, AFL-CIO*, 118 F.3d 892, 896 (2d Cir. 1997); *Local 1199, Drug, Hosp. & Health*

4

*Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). In this limited role, a court must confirm an arbitration award as long as it "'draws its essence from the collective bargaining agreement' and is not the arbitrator's 'own brand of industrial justice.'" *First Nat'l Supermarkets*, 118 F.3d at 896 (quoting *Misco*, 484 U.S. at 36). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n*, 532 U.S. at 509. Indeed, "serious error" and "improvident, even silly, factfinding do[] not provide a basis for a reviewing court to refuse to enforce the award." *Id.* (internal quotation marks and citations omitted).

In the instant case, Thalle/Transit resists confirmation of the October 5, 2012 arbitration award on the basis that the award is "irrational" because it was based on "clear and convincing error"—namely, that the Report was not actually an audit, and that Thalle/Transit's own audit proves that it was not delinquent in making contributions to the Funds. (See Def.'s Opp. at 5.) Essentially, Thalle/Transit invites this Court to second guess the wisdom of the arbitrator's award in light of the arbitrator's reference to the Report as an "audit" and new evidence casting doubt on that Report's conclusion. As the cases above make clear, however, it is not up to this Court to determine whether Thalle/Transit made $11,148.17 in contributions to the Funds or not. *See, e.g.*, *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F. Supp. 2d 610, 614 (S.D.N.Y. 2008) (noting that courts "are 'not empowered to reexamine the merits' of an award" (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998))). The time has passed for Thalle/Transit to dispute the conclusions of the Report upon which the arbitration award at issue was based. In fact, because the Supreme Court has held that a court should confirm even an arbitration award based upon "serious error," *Major League Baseball Players Ass'n*, 532 U.S. at 509, Thalle/Transit's argument that the arbitration award was based on "clear and convincing error" is misplaced.

Moreover, to the extent this Court could vacate the arbitrator's award if it were irrational,[2] the arbitration award at issue in the instant case is hardly irrational. Even assuming that the arbitrator erred in referring to the Report as an audit, there is no suggestion that the arbitrator's award could not have been based on an independent accountant's report instead of an audit. Moreover, it is undisputed that the arbitrator based his decision upon an "Independent Accountants' Report" showing a deficiency of $11,148.17. Because Thalle/Transit did not appear at the arbitration hearing, no contrary evidence was presented to the arbitrator.

---

[2] The Second Circuit has explicitly rejected irrationality as a separate basis for vacating an arbitrator's award under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq. See Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Although the FAA does not apply in cases brought under the LMRA, as the instant case is, *see Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 54–55 (2d Cir. 2001), "the stringent standard for vacating an arbitration award is materially the same under the FAA, [LMRA], and the [Postal Reorganization Act]," *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, --- F.3d ----, No. 13-2579-CV, 2014 WL 2535249, at *3 n.4 (2d Cir. June 6, 2014). Thus, the Court doubts that it could vacate the arbitration award at issue here solely on grounds of irrationality. The Court need not determine whether, in certain cases, vacatur of an irrational award would be appropriate, however, because the award in this case was clearly rational.

5

Thalle/Transit's belated submission of contrary evidence to this Court neither renders the arbitration award less rational, nor does it cast doubt on this Court's conclusion that the award "draws its essence from the collective bargaining agreement." *Misco*, 484 U.S. at 36. If the Court held otherwise—*i.e.*, that the arbitrator acted irrationally and outside the scope his authority solely on the basis of new evidence undermining the arbitrator's conclusion—then the Court would effectively invite litigants to defer the presentation of evidence until after arbitration proceedings. That result would be unacceptable in light of the LMRA's "decided preference for private settlement of labor disputes" through arbitration. *Id.* at 37. Indeed, in *Bridgeport Rolling Mills Co. v. Brown*, the Second Circuit rejected a similar attempt to vacate a labor arbitration award, holding that new evidence submitted for the first time after arbitration was "irrelevant to the issues the arbitrator heard and ha[d] no bearing upon the arbitrator's determination." 314 F.2d 885, 885–86 (2d Cir. 1963); *accord Tate v. Fischer Steel Corp.*, 791 F.2d 935 (6th Cir. 1986) ("Labor arbitrators' awards may not be vacated on the basis of new evidence. Since the arbitrator made a specific finding, on the record, that Tate was not the most senior laid-off helper, it was impermissible to attack this factual finding with post-arbitration affidavits.").

In sum, the arbitrator issued an award based upon the only evidence submitted at the arbitration hearing. His award is clearly consistent with that evidence, and it certainly draws its essence from the CBA. Thalle/Transit has neither made any argument nor submitted any evidence suggesting otherwise.

In concluding that summary judgment for plaintiff is warranted, the Court also denies Thalle/Transit's request pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)) to defer its decision on the motion pending further discovery. Thalle/Transit has failed to submit "an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). The mere "reference to a need for additional discovery in its memorandum in opposition to the motion . . . is not an adequate substitute for a Rule 56(f) affidavit, and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). Moreover, to the extent Thalle/Transit seeks discovery concerning the merits of the arbitrator's award, such discovery would be immaterial for the reasons stated *supra*. Finally, Thalle/Transit's request to depose the arbitrator is denied for the additional reason that the bare accusation of corruption, fraud, or misconduct does not warrant the reopening of discovery to depose an arbitrator. *See Hunt v. Mobil Oil Corp.*, 654 F. Supp. 1487, 1495 (S.D.N.Y. 1987) ("[T]he repetitive and perjorative charges of partiality and fraudulent and corrupt conduct levelled at the arbitrators, however satisfying this may be to counsel and their clients, are not a substitute for evidentiary proof. A constant drumfire of charges, lacking factual support, does not warrant granting the Hunts' motion for the taking of depositions of the arbitrators or for an evidentiary hearing.").

IV. CONCLUSION

For the reasons set forth herein, the Court grants plaintiffs' motion for summary judgment and confirms the arbitration award of October 5, 2012. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 15, 2014
Central Islip, NY

\*   \*   \*

Plaintiffs are represented by Charles R. Virginia, Richard B. Epstein, and Elina Turetskaya, Virginia & Ambinder, LLP, 111 Broadway, Suite 1403, New York, NY 10006. Defendant is represented by Todd Allan Bakal, Law Office of Todd A. Bakal, 445 Hamilton Avenue, Suite 1102, White Plains, NY 10601.