# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 12-CV-5661 (JFB)(ARL)

TRUSTEES OF EMPIRE STATE CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-MANAGEMENT COOPERATION, PENSION AND WELFARE FUNDS,

Plaintiffs,

VERSUS

THALLE/TRANSIT CONSTRUCTION JOINT VENTURE,

Defendant.

**MEMORANDUM AND ORDER**
October 20, 2014

JOSEPH F. BIANCO, District Judge:

The Trustees ("plaintiffs") of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds") commenced this action against Thalle/Transit Construction Joint Venture ("defendant" or "Thalle/Transit") to confirm and enforce an arbitration award. In a Memorandum and Order dated July 15, 2014, the Court granted plaintiffs' motion for summary judgment and confirmed the arbitration award.

Now before the Court is plaintiffs' motion for attorneys' fees and costs. For the reasons set forth below, the Court awards $6,313.50 in attorneys' fees and $390.34 in costs.

I. PROCEDURAL HISTORY

The Court has set forth all relevant background facts in its July 15, 2014 Memorandum and Order granting plaintiffs' motion for summary judgment. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension & Welfare Funds v. Thalle/Transit Constr. Joint Venture*, No. 12-CV-5661 (JFB)(ARL), 2014 WL 3529728, at *1–2 (E.D.N.Y. July 15, 2014). The Court does not repeat those facts here.

After the Court issued its July 15, 2014 Memorandum and Order, plaintiffs moved for attorneys' fees and costs on July 24, 2014. Defendant opposed the motion on August 12, 2014, and plaintiffs replied on September 5, 2014. The Court has fully considered all submissions of the parties.

1

## II. Discussion

### A. Plaintiffs' Entitlement to Attorneys' Fees and Costs

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). Neither Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, nor the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, authorize the award of attorneys' fees in an action to confirm an arbitration award. *See, e.g., Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. TNS Mgmt. Servs., Inc.*, No. 13-CV-2716 (JMF), 2014 WL 100008, at *4 (S.D.N.Y. Jan. 10, 2014); *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08-CV-9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009) (citing *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Moreover, although Section 502(g) of the Employee Retirement Income Security Act ("ERISA") requires the award of attorneys' fees to a plan that prevails in an action to recover delinquent contributions pursuant to a collective bargaining agreement, *see* 29 U.S.C. § 1132(g)(2)(D), "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) (holding that ERISA authorizes award of costs, but not attorneys' fees, in arbitration confirmation proceedings); *accord TNS Mgmt. Servs.*, 2014 WL 100008, at *4; *Dejil Sys.*, 2012 WL 3744802, at *4. Nonetheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-CV-5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *Int'l Chem. Workers Union, Local No. 227*, 774 F.2d at 47); *see, e,g., TNS Mgmt. Servs.*, 2014 WL 100008, at *4 (citing cases); *Trustees of Nat'l Org. of Indus. Trade Unions Ins. Trust Fund v. Davis Grande Co.*, No. 03-CV-6229 (NG)(SMG), 2006 WL 1652642, at *4 (E.D.N.Y. June 9, 2006).

Here, the Court need not decide whether defendant refused to abide by the arbitrator's award without justification because the parties' Collective Bargaining Agreement ("CBA") and the Funds' Joint Policy for Collection of Delinquent Contributions, incorporated by referenced into the CBA, explicitly obligate employers who fail to make timely contributions to the Funds to pay attorneys' fees and costs incurred in recovering the delinquent contributions. (*See* Pls.' Mot. for Summ. J., Craven Decl. Exs. A (CBA art. 16(b)) & B (Collection Policy art. 6.2).) The parties' agreements are a sufficient basis upon which to award attorneys' fees and costs. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Constr. Co., Inc.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) ("Whether Dafna had no justification in refusing to comply with the arbitrator's ruling is irrelevant, however, because the Agreement itself requires Dafna to pay attorneys' fees incurred by the Trustees in seeking confirmation . . . . Since the parties bargained for the awarding of attorneys' fees in this precise circumstance, the Court respects their agreement and orders Dafna to

2

pay the costs incurred by the Trustees in seeking confirmation of the arbitrator's award."); *see also Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Alliance Workroom Corp.*, No. 13-CV-5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (holding that CBA authorized award of attorneys' fees and costs in action to confirm arbitration award). Additionally, the Court notes that defendant does not dispute plaintiffs' entitlement to attorneys' fees and costs under the CBA; rather, defendant confines its opposition to the specific submissions supporting plaintiffs' motion. Accordingly, for the reasons discussed *supra*, the Court concludes that plaintiff is entitled to recover attorneys' fees and costs.

B. Attorneys' Fees

Generally, to determine a reasonable attorney's fee, a court must calculate a "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). "Both [the Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); citing *Perdue*, 559 U.S. 542). "'[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee' . . . ." *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551 (emphasis in original). "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433).

1. Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "Fees should not be awarded at higher out-of-district rates unless 'a reasonable client would have selected out-of-district counsel because doing so would likely . . . produce a substantially better net result.'" *Id.* (quoting *Simmons*, 575 F.3d at 172). In *Arbor Hill*, the Second Circuit also instructed district courts to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *See* 522 F.3d at 190.

> The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of

3

employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson*, 488 F.2d at 717–19). Finally, a district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 190. "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." *Hugee*, 852 F. Supp. 2d at 298.

"Courts have awarded rates of $200 to $400 per hour for partners in this district." *Capone v. Patchogue-Medford Union Free Sch. Dist.*, No. 04-CV-2947 (JS)(MLO), 2011 WL 743573, at *2 (E.D.N.Y. Feb. 23, 2011); *see also United States v. Jones*, No. 11-CV-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013) (noting that "recent Eastern District cases have indicated that the range of appropriate billing rates in this District is $200-$375 for partners"). As for associates, courts in this district have concluded that approximately $200 to $300 is a reasonable hourly rate for senior associates, and that $100 to $200 is a reasonable hourly rate for more junior associates. *See, e.g.*, *Pall Corp. v. 3M Purification Inc.*, No. 97-CV-7599 (RRM)(ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012). Courts have also concluded that $85 to $100 per hour is a reasonable rate for paralegals. *See, e.g.*, *Barrella v. Vill. of Freeport*, No. 12-CV-0348 (ADS)(WDW), 2014 WL 4273339, at *51 (E.D.N.Y. Aug. 28, 2014) (citing cases). Of course, in light of the numerous factors that courts in this circuit consider to determine a reasonable hourly rate, "the range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012).

Here, plaintiffs request the following hourly rates: Michael Isaac ($225); Elina Turetskaya ($200); Richard Epstein ($200 to $225); Legal Assistants ($90). (*See* Isaac Decl. ¶¶ 3–6.) Isaac, Turetskaya, and Epstein are associates of Virginia and Ambinder, LLP. (*Id.* ¶¶ 3–5.) Isaac graduated Rutgers University School of Law-Newark in 2007 (*id.* ¶ 3); Turetskaya graduated Fordham University School of Law in 2011 (*id.* ¶ 4); and Epstein graduated Brooklyn Law School in 2010 (*id.* ¶ 5). All three aver that they have "regularly represented multiemployer employee benefit plans in ERISA litigation." (*Id.* ¶¶ 3–5.) Isaac has declared that "[t]he foregoing hourly rates are consistent with V&A's customary billing arrangement with Plaintiffs, as negotiated with Plaintiffs' Board of Trustees." (*Id.* ¶ 7.) Defendant does not contest the reasonableness of these requested rates.

In light of the prevailing hourly rates in this district and all other factors set forth in

*Arbor Hill* and *Johnson*, the Court concludes that $225 is a reasonable rate for Isaac, who is a more senior associate; $200 is a reasonable hourly rate for Turetskaya and Epstein, who are more junior associates; and $90 is a reasonable hourly rate for the work of legal assistants. In addition, the Court reduces the amount of Epstein's hourly rate for all travel time by fifty percent. *See, e.g.*, *Hugee*, 852 F. Supp. 2d at 302 (reducing attorney's hourly rate by fifty percent for travel time, and noting that courts in this circuit usually reduce attorneys' fees by fifty percent for travel time); *Adusumelli v. Steiner*, No. 08-CV-6932 (JMF), 2013 WL 1285260, at *5 (S.D.N.Y. Mar. 28, 2013) (noting that "courts in the Second Circuit regularly reduce attorneys' fees by 50 percent for travel time" (internal quotation marks omitted)); *accord Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 139 (2d Cir. 2008) (referring to fifty percent reduction in attorneys' rate for travel time as "established court custom").

2. Reasonable Hours

Having determined a reasonable hourly rate for plaintiffs' counsel, the Court must determine the reasonable number of hours expended by plaintiffs' counsel in this litigation.

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Custodio v. Am. Chain Link & Const., Inc.*, No. 06-CV-7148 (GBD), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173.

"Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

Here, plaintiffs have submitted the printout of an invoice sent by Virginia and Ambinder, LLP to plaintiffs for professional services rendered in connection with the case at bar. (*See* Isaac Decl. Ex. A.) These records show that the attorneys and legal assistants spent the following number of hours on this litigation: Michael Isaac (4.3 hours); Elina Turetskaya (2.3 hours); Richard Epstein (28.4 hours); Legal Assistants (5.4 hours). (*See id.*)

As an initial matter, the Court concludes that the invoice printout satisfies the contemporaneous records requirement, notwithstanding defendant's argument that the records were not created contemporaneously with the work performed because the invoice is dated July 22, 2014. (*See* Def.'s Opp'n, at 2.) Courts have accepted the printout of an invoice that provides "a clear description of the work performed, the time spent on the respective matter, the attorney who rendered services, and the date the services were performed." *Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995); *see, e.g.*, *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677 (ADS)(ETB), 2012 WL 1078963, at *7 (E.D.N.Y. Jan. 4, 2012), *report &*

*recommendation adopted*, 2012 WL 1078886 (E.D.N.Y. Mar. 30, 2012); *Fuerst v. Fuerst*, No. 10-CV-3941, 2012 WL 1145934, at *4 (E.D.N.Y. Apr. 5, 2012); *New Paltz Cent. Sch. Dist. v. St. Pierre*, No. 02-CV-981 (FJS/RFT), 2007 WL 655603, at *1–2 (N.D.N.Y. Feb. 26, 2007); *Boster v. Braccia*, No. 06-CV-4756 (JG)(RER), 2007 WL 4287704, at *2 (E.D.N.Y. Dec. 4, 2007). The invoice submitted by plaintiffs provides all of this information in sufficient detail, and plaintiffs' counsel avers that the information was entered contemporaneously as the work was performed. (*See* Isaac Decl. ¶ 2; Epstein Reply Decl. ¶ 2.) The Court does not find otherwise merely because the printout is dated July 22, 2014, which is clearly the date the invoice was printed, not when it was created. *See N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) ("[T]he defendants note that the date on the top of the plaintiffs' fee invoice is April 16, 2009, and they suggest that counsel's fees were formulated on that date. However, there is nothing in the record to suggest that this date is anything but the date on which the hours were summarized for the Court's convenience."); (*see also* Epstein Reply Decl. ¶ 2). Moreover, the Court is not persuaded by defendant's arguments that plaintiffs' entire submission is unreliable because one entry for May 13, 2014, is out of chronological order in that it follows, rather than precedes, the entry for May 14, 2014, or because the invoice apparently omits certain work that plaintiffs' counsel probably performed, but for which they did not bill. (*See* Isaac Decl. Ex. A.)

Having rejected defendant's arguments that the invoice as a whole is unreliable or defective in some way, the Court proceeds to analyze the reasonableness of the specific hours billed. First, the Court concludes that plaintiffs are entitled to fees for the hours expended in connection with its motion for default judgment. Contrary to defendant's position, plaintiffs are entitled to recover attorneys' fees for this motion even though the motion was ultimately unsuccessful. *See, e.g.*, *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG), 2014 WL 3818614, at *11 (E.D.N.Y. Aug. 4, 2014) ("Attorney's fees are properly awarded even for plaintiffs' unsuccessful motion practice."); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 538 (S.D.N.Y. 2008) ("[A] court should not disallow fees for every motion that a prevailing party did not win."); *Etna Prods. Co. v. Q Mktg. Grp., Ltd.*, No. 03-CV-3805 (SAS)(FM), 2005 WL 2254465, at *8 (S.D.N.Y. June 6, 2005) ("As the Second Circuit has noted, the standard for determining whether a party may recover fees for a motion is not whether the motion was unsuccessful, but whether it was frivolous." (citing *Seigal v. Merrick*, 619 F.2d 160, 164–65 (2d Cir. 1980))). Certainly the motion for default judgment was not frivolous in this case, where defendant failed to answer, and the Clerk of the Court noted its default. Furthermore, the Court does not deduct the 3.2 hours spent by Epstein to review the case file and travel to the courthouse on March 19, 2013, merely because that conference was adjourned. *See Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1216 (E.D. Cal. 2009) (awarding fees for travel time to deposition that had been canceled, where counsel did not know about cancelation before traveling); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. C-01-0728 (MJJ)(EMC), 2006 WL 5692819, at *13 (N.D. Cal. Nov. 3, 2006) (awarding fees for travel time to hearing that was cancelled by the court). Epstein has declared under penalty of perjury that he did not know about the adjournment until he was *en route* to the courthouse (*see* Epstein Reply Decl. ¶ 3), and the Court has no reason to question Epstein's explanation.

Next, defendant challenges the reasonableness of spending 12.4 hours to draft the motion for summary judgment and 6.8 hours to attend the oral argument on the motion (including travel time). With respect to the time taken to prepare the motion, the Court concludes that 12.4 hours was a reasonable amount of time to prepare the notice of motion, memorandum of law, Rule 56.1 statement, and supporting declaration with attached exhibits. *See, e.g.*, *Big R Food Warehouses*, 896 F. Supp. at 299 (holding that 26.5 hours was reasonable amount of time to research, draft, and review motion for summary judgment and confirmation of arbitration award involving issue that was "not complex or novel"). As for Epstein's time attending the oral argument on the motion for summary judgment, oral argument itself lasted twenty minutes (or approximately 0.4 hour, if a few minutes of wait time are included) according to the minute entry. (*See* Minute Entry, July 11, 2014, ECF No. 37.) As for travel time, Epstein's office at Virginia and Ambinder, LLP is located in Manhattan, and "[t]he Court takes judicial notice that it takes approximately three hours to travel to and from Central Islip from Manhattan." *Home Loan Inv. Bank*, 2012 WL 1078963, at *7 n.6. Thus, the Court determines that 3.4 hours (rather than the requested 6.8 hours) is a reasonable time to bill for these activities.

Finally, the Court concludes that all other hours expended were reasonable, and the Court notes that defendant does not challenge any other hours in the invoice.

\*    \*    \*

Accordingly, the Court calculates the lodestar figure to be $6,313.50. The Court bases this figure on the following calculations:

| *Individual* | *Rate* | *Hours* | *Total* |
|---|---|---|---|
| Isaac | $225 | 4.3 | $967.50 |
| Turetskaya | $200 | 2.3 | $460 |
| Epstein (non-travel) | $200 | 19 | $3,800 |
| Epstein (travel) | $100 | 6 | $600 |
| Legal Assts. | $90 | 5.4 | $486 |

A few words of explanation concerning the fee for Epstein's work are in order. First, the Court reduced the requested hours from 28.4 to 25, because the Court has concluded that 3.4 hours, and not 6.8 hours, was a reasonable amount of time to spend in connection with oral argument on the summary judgment motion. *See supra*. Of those 25 hours, 6 represent travel time: 3 hours of travel on July 11, 2014, and 3 hours of travel on March 19, 2013 (assuming a roundtrip time of three hours from Epstein's office in Manhattan to the courthouse in Central Islip). The hourly rate for those six hours must be halved for the reasons discussed *supra*.

The Court sees no reason to depart from the lodestar figure in this case. *See, e.g.*, *Perdue*, 559 U.S. at 553 (noting that lodestar figure includes "most, if not all," relevant factors in setting reasonable attorney's fee). Therefore, the Court awards plaintiffs $6,313.50 in attorneys' fees.

### C. Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM)(RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-*

*Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*; *see also First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM)(SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). In particular, under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11-CV-5458 (JGK)(DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *report & recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, plaintiffs request $390.74 for the following litigation costs: the filing fee ($350), transportation ($17.75), unnamed ($0.40), and UPS ($22.59). (*See* Pls.' Mem., at 5.) All costs except the unnamed $0.40 expense are recoverable,[1] and defendant's counsel does not object to an award of these costs. (*See* Bakal Decl. ¶ 23.) Accordingly, the Court awards plaintiffs $390.34 in costs but denies their request for the remaining $0.40.

III. CONCLUSION

For the reasons set forth herein, the Court awards plaintiffs $6,313.50 in attorneys' fees and $390.34 in costs.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 20, 2014
       Central Islip, NY

\*   \*   \*

Plaintiffs are represented by Charles R. Virginia, Richard B. Epstein, and Elina Turetskaya, Virginia & Ambinder, LLP, 111 Broadway, Suite 1403, New York, NY 10006. Defendant is represented by Todd Allan Bakal, Law Office of Todd A. Bakal, 445 Hamilton Avenue, Suite 1102, White Plains, NY 10601.

---

[1] Because the $0.40 expense is not described, the Court cannot discern if it is recoverable.